# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

---

## LEONARD GROVER, Respondent, v. CARRIE SWAIN, Appellant, Impleaded, etc.

*Injunction — a mere agent or servant of the person whose actions the plaintiff is entitled to restrain should not be made a party defendant.*

APPEAL from an order of the Special Term continuing an injunction against the appellant Swain.

This action is brought against the appellant, Carrie Swain, impleaded with Charles Denison and Robert E. Stevens, to perpetually enjoin and restrain her and them from selling or in any manner disposing of a play, or drama called " Cad, the Tomboy," or from playing, performing or representing the said drama or play upon any stage or at any place of amusement, and from playing and representing any other play or drama under the title of " Cad, the Tomboy," or any play under a similar title, and for an accounting between the plaintiff and the defendants, and that the defendants pay to the plaintiff the sum found due and owing upon such accounting, and that defendants be ordered and adjudged to return and deliver up to the plaintiff the manuscript of said play, and that any copies thereof which the defendants have be destroyed.

The court at General Term said : "Assuming that a good cause of action is shown against the defendant Denison, entitling the plaintiff to all that is asked in the prayer of his complaint, it is quite clear, we think, that no cause of action is shown against the appellant Swain. Under the contract set forth in the papers made between the plaintiff and the defendant Denison, the former agreed to write for the latter a play or drama upon the terms specified in the contract. The defendant Carrie Swain was then an actress

in the employ of the defendant Denison, and the play was to be written and adapted to her style and manner of acting, and particularly to her ability as an actress, but she was not a party to the contract and bore no legal relation to it whatever. Nor is any fact shown which afterwards changed her relation to the parties or to the play from those of an employe or. servant of the defendant Denison, by whom the play was to be produced upon the stage. No facts are alleged either in the complaint or in the affidavits that established, or tended to establish, any contract, express or implied, between the plaintiff and the appellant, and all that is stated simply establishes that she continues to hold the relation of employe or servant of the defendant Denison, and under his direction is performing as an actress as such servant and employe in the play of 'Cad, the Tomboy.'

" While the facts stated may properly be considered, perhaps, as sufficient to justify the injunction against the defendant Denison, which would operate to prevent him from playing the drama, or causing or allowing it to be played, they are not such as would subject the appellant Swain to such restraint otherwise than as the agent or servant of Denison.

" It was not proper to make her, under such a state of facts, a party to the suit, and to restrain her as such party and as though she had an interest in the subject-matter of the action. To do that it is essential that some legal liability to the plaintiff upon the facts stated, either as a joint wrong-doer or tort-feasor, or as a party to some agreement or arrangement with him which could be enforced by judgment in an action, should be shown. She occupies to this action, upon the plaintiff's own showing, the relation simply of a servant in the employ of Denison, who is under his direction performing as an actress in the exhibitions of the drama. Restraint of him will restrain her as one of his servants; but beyond that the plaintiff shows no right or title to affect her by any process in the suit.

" He has, however, obtained an order continuing the injunction as an independent one against her as a party to that suit; and this order, in our opinion, is unsupported by any averment in the complaint or in the established practice of the courts."

*G. W. Dayton,* for the appellant.

*A. H. Hummel,* for the respondent.

Opinion by DAVIS, P. J.; DANIELS, J., concurred.

Present — DAVIS, P. J., DANIELS and MACOMBER, JJ.

Judgment reversed, new trial ordered, costs to abide event.